USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/30/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

HECTOR VARGAS and
ALEJANDRINA VARGAS,

    Plaintiffs,

  - against -

ERIC WUGHALTER, TOM TORRES, MARTIN
BLUM, S.W. MANAGEMENT LLC, STANLEY
WASSERMAN, LAW FIRM OF ROGERS,
WUGHALTER & KAUFMAN, 2727 REALTY
LLC, CITY OF NEW YORK, CITY
MARSHAL THOMAS J. BIA, JUDGE JULIA
I. RODRIGUEZ, SG2 MANAGEMENT LLC,

    Defendants.
- - - - - - - - - - - - - - - - - -x

**MEMORANDUM DECISION**

08 Civ. 11378 (DC)

**APPEARANCES:** (See last page.)

**CHIN, District Judge**

  Pro se plaintiff Hector Vargas brings suit alleging that defendants conspired to deny him of his contractual rights under his former union's collective bargaining agreement with his former employer.[1]  Defendants move to dismiss the complaint.  For the following reasons, defendants' motions are granted.

## BACKGROUND

**A.** **Facts**

  The facts underlying Vargas's claims are discussed fully in <u>Vargas v. Service Employees Intern. Union Local Union No. 325-32J</u>, No. 05 Civ. 9992 (PKC), 2006 WL 3019565 (S.D.N.Y. Oct. 23, 2006).

---

[1] Alejandrina Vargas is named on the complaint as a plaintiff but the claims do not pertain to her.  Accordingly, I refer only to plaintiff Hector Vargas.

The allegations in the complaint are assumed to be true for purposes of these motions. In summary, Vargas was employed as the superintendent of an apartment building in the Bronx. His employment was terminated in 2004 because, in addition to inhabiting the designated superintendent's apartment, he also illegally inhabited a storage space in the basement of the building. He was later evicted from both the apartment and the storage space. Vargas claims that his former union was "in collusion" with his former employer. (Compl. ¶ 18).

B.   **Procedural History**

The termination of Vargas's employment and his subsequent eviction have been the subject of much litigation in both the state and federal courts.

Vargas claimed wrongful termination and his case proceeded to arbitration. On August 15, 2005, an arbitrator found the termination to be for just cause. Vargas subsequently filed an action in Supreme Court, Bronx County, against his former employer, 2727 Realty, LLC ("2727"), and his union, Service Employees International Local Union No. 32B-32J, seeking damages, reinstatement to his position, backpay, and an injunction. Vargas's action was removed to the Southern District of New York.

After terminating Vargas's employment, 2727 filed actions in New York City Civil Court seeking his eviction from the superintendent's apartment and the storage space. The Civil Court found against Vargas as to the storage space, issuing an

-2-

order of eviction. The proceeding concerning the superintendent's apartment, however, was adjourned -- pursuant to a stipulation among the parties -- pending the outcome of the federal action.

On October 23, 2006, Vargas's federal case was dismissed. Judge Castel granted summary judgment in favor of defendants, finding that no reasonable fact finder could conclude that the union had breached its duty of fair representation. See Vargas v. Service Employees Intern. Union Local Union No. 325-32J, No. 05 Civ. 9992 (PKC), 2006 WL 3019565, at *1 (S.D.N.Y. Oct. 23, 2006). Vargas appealed but the Second Circuit affirmed Judge Castel's decision. See Vargas v. Local Union No. 32B-32J, 251 Fed. Appx. 702 (2d Cir. 2007).

After dismissal of the federal case, the Civil Court proceeded with the eviction action against Vargas regarding the apartment. On January 16, 2007, the Court found against Vargas and issued a warrant of eviction. On March 27, 2008, the Appellate Term, First Department, affirmed the Civil Court's decision. See 2727 Realty LLC v. Vargas, No. 570361/07, 2008 WL 802265 (1st Dep't Mar. 27, 2008).

Vargas now brings this action alleging that defendants conspired against him to deprive him of his rights. He seeks reinstatement to his former superintendent position and damages. I held a pre-motion conference on March 19, 2009. All defendants expressed a desire to move to dismiss. Some defendants had written the Court expressing this desire; I accepted those

letters as motions to dismiss.  Other defendants moved orally at the conference.  I advised Vargas that he should submit to the Court, by April 24, 2009, anything he wished to bring to my attention in opposition to defendants' motions.  (Tr. 24).  On April 22, 2009, the Court received Vargas's opposition to defendants' motions.  For the following reasons, defendants' motions are granted.

## DISCUSSION

### A. Applicable Law

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)).  The Supreme Court in Iqbal set out a "two-pronged" approach for courts considering a motion to dismiss.  Id. at 1950.

First, the court accepts plaintiff's factual allegations as true and draws all reasonable inferences in its favor.  See id.; see also Vietnam Ass'n for Victims of Agent Orange v. Dow Chemical Co., 517 F.3d 104, 115 (2d Cir. 2008).  The court considers only the factual allegations in the complaint and "any documents that are either incorporated into the complaint by reference or attached to the complaint as exhibits."  Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004).  Legal conclusions must be supported by factual allegations.  Iqbal, 129

S. Ct. at 1949. Pleadings that are "no more than conclusions are not entitled to the assumption of truth." Id. at 1950.

Second, the court determines whether the allegations "plausibly give rise to an entitlement to relief." Id. A plausible claim "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 557). Determining plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

### B. Application

A pro se complaint is reviewed under a more lenient standard than that applied to "formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). Here, the Court interprets plaintiff's pro se pleadings "to raise the strongest arguments that they suggest." Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) (quotations omitted).

#### 1. Claim against the Honorable Julia Rodriguez

Vargas claims that Judge Julia Rodriguez, a judge of the Civil Court of the City of New York, Bronx County, acted outside of her jurisdiction when she proceeded with the eviction action against him after Judge Castel dismissed his federal case. Vargas argues that Judge Rodriguez acted without jurisdiction

because "there had been no remand of the case from the Federal District Court" back to the state Civil Court. (Compl. ¶ 38). For the following reasons, the claim against Judge Rodriguez is dismissed.

Vargas fails to state a claim against Judge Rodriguez. He references two separate actions: (1) his action initiated in Supreme Court, Bronx County, and removed to federal court requesting reversal of the arbitrator's decision, and (2) the eviction action brought by 2727 in state Civil Court. The federal action was distinct from the state eviction action. Thus, there is no basis for Vargas's claim that Judge Rodriguez acted without jurisdiction in proceeding with the eviction action. Alternatively, the claim against Judge Rodriguez for damages is dismissed under the doctrine of absolute judicial immunity. Judges are immune from damages for civil liability for acts taken in their judicial capacity. Stump v. Sparkman, 435 U.S. 349 (1978); see also Pierson v. Ray, 386 U.S. 547 (1967). Judicial immunity is conferred even if the plaintiff accuses the judge of acting maliciously or corruptly, and no matter how erroneous the ruling challenged by the plaintiff. Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985). Here, Judge Rodriguez clearly was acting in her judicial capacity; hence, any claim for damages is dismissed.

2. **Claims against Tom Torres, Martin Blum, S.W. Management LLC, Stanley Wasserman, and 2727 Realty LLC**

Vargas alleges that 2727 and its agents named above acted together to deprive him of his rights under the terms of

-6-

his former union's collective bargaining agreement with 2727. (Compl. ¶ 15). The claim against these defendants is foreclosed under the doctrine of <u>res judicata</u>. Accordingly, the claim is dismissed.

Under the well-settled doctrine of <u>res judicata</u>, a subsequent action is barred where: (1) the prior action concluded with a final adjudication on the merits; (2) the prior claims and the current claims involve the same parties or those in privity with them; and (3) the claims asserted in the present action were, or could have been, asserted in the prior action because they arise from a common nucleus of operative fact. <u>See Monahan v. New York City Dep't of Corr.</u>, 214 F.3d 275, 285 (2d Cir. 2000).

Generally, "a valid and final award by arbitration has the same effects under the rules of res judicata, subject to the same exceptions and qualifications, as a judgment of a court." <u>United States Postal Serv. v. Gregory</u>, 534 U.S. 1, 16 (2001) (Ginsburg, J., concurring) (quoting Restatement (Second) of Judgments § 84 (1982)); <u>see also</u> <u>Streit v. Amdocs, Inc.</u>, 307 Fed. Appx. 505, 509 (2d Cir. 2009)

The Supreme Court, however, has refused to give preclusive effect to arbitration proceedings in certain circumstances, such as when they would foreclose a subsequent § 1983 action. <u>See</u> <u>McDonald v. City of West Branch</u>, 466 U.S. 284 (1984); <u>see also</u> <u>Chicago Teachers Union, Local No. 1 v. Hudson</u>, 475 U.S. 292, 308 n.21 (1986) (citing <u>McDonald</u> for the proposition that the "arbitrator's decision would not receive

-7-

preclusive effect in any subsequent § 1983 action"); Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 222 (1985) (holding that McDonald held that no "judicially fashioned rule of preclusion . . . permits a federal court to accord res judicata or collateral estoppel effect to an unappealed arbitration award in a case brought under 42 U.S.C. § 1983").

    Vargas's claim against these defendants is barred by the doctrine of res judicata. First, the arbitration award between Vargas and 2727 was a final determination on the merits. Because the arbitration is not being applied against a subsequent § 1983 suit, the general rule that an arbitration award has res judicata effect applies. Notably, 2727 was also a defendant in the federal case, which, in essence, sought reversal of the arbitration award. Judge Castel's dismissal of that case was a final determination on the merits as well. Second, 2727 and Vargas were and are involved in both the arbitration proceeding, the federal court proceeding before Judge Castel, and this action. According to Vargas, S.W. Management LLC -- owned by the individual Stanley Wasserman -- owns 2727. Vargas also alleges that Tom Torres is an agent of 2727 and Martin Blum is an employee of 2727. Thus, S.W. Management LLC, Stanley Wasserman, Tom Torres, and Martin Blum are in privity with 2727. See Amadsau v. Bronx Lebanon Hosp. Center, No. 03 Civ. 6450 (LAK) (AJP), 2005 WL 121746, at *8 (S.D.N.Y. Jan. 21, 2005) ("[T]he new defendants have a sufficiently close relationship to the prior defendants [because they] are employees of or closely affiliated

with [the prior defendants]."). Third, the claims in the current action arise from the same nucleus of operative facts that formed the basis for the arbitration proceeding and the federal action. Vargas alleges that defendants "conspired" against him to deprive him of his rights under his former union's collective bargaining agreement with 2727. Vargas's claim is simply a reiteration of his wrongful termination claim, which has now been litigated twice. This suit is his third attempt to litigate the same issues with 2727 (and those in privity with 2727). Finally, Vargas does not cite § 1983, nor could he as to these defendants, as they are all private parties who were not acting under color of law. Accordingly, Vargas's claim is dismissed.

### 3. **Eric Wughalter and Rogers, Wughalter, Kaufman & Corredine, Esqs.**

Vargas also alleges that Eric Wughalter, Esq. and his law firm, Rogers, Wughalter, Kaufman & Corredine, Esqs. (the "Firm") -- which brought the eviction proceedings on behalf of 2727 -- acted with 2727 to deprive him of his rights. This bare conclusory allegation fails to state a plausible claim against Wughalter and the Firm. Accordingly, the claim is dismissed.

### 4. **SG2 Management and 2727 University Avenue LLC**

SG2 Management and 2727 University Avenue LLC are named as defendants solely because they are the current owners of the building Vargas formerly served as superintendent of and resided in. Vargas fails to state a claim against these defendants. There is no allegation in the complaint that SG2 Management and

2727 University Avenue LLC were involved in the incidents upon which this case is based, namely the termination of Vargas's employment. Accordingly, plaintiff's claim against these defendants is dismissed.

### 5.  The City of New York and City Marshal Thomas Bia

Finally, Vargas brings suit against the City of New York (the "City") and Marshal Bia. Vargas alleges that the warrant of eviction issued against him was defective on its face. The claims against the City and Marshal Bia are dismissed for the following reasons.

First, Vargas fails to state a claim against the City. He explains that he named the City as a defendant because "the City Marshall is a appointee solely by the Mayor of the City of New York and without such an appointment the City Marshall would have been unable to proceed to evict" plaintiff. (Pl. Opp. ¶ 14). Vargas has not alleged that the City violated his constitutional rights or violated his rights under federal law. Moreover, marshals are not City employees. (N.Y.C. Law Department Ltr. 3/12/09). Thus, Vargas fails to state a claim against the City, and the claim is therefore dismissed.

Second, accepting as true Vargas's allegation that the warrant was defective on its face, the claim against Marshal Bia is untimely. Actions against a city marshal are subject to a one-year statute of limitations period, as are actions for wrongful eviction. N.Y. C.P.L.R. § 215(1) (McKinney 2009); see Jemison v. Crichlow, 139 A.D.2d 332, 336 (2d Dep't 1988);

Kolomensky v. Wiener, 135 A.D.2d 505, 507 (2d Dep't 1987). Accordingly, because the warrant of eviction was issued on January 16, 2007, more than a year prior to the filing of the complaint in this case, Vargas's claim against Marshal Bia is untimely and, thus, dismissed.

## **CONCLUSION**

For the foregoing reasons, defendants' motions are granted. The complaint is dismissed, with prejudice. The Clerk of the Court shall enter judgment accordingly and close the case.

SO ORDERED.

Dated:   New York, New York
         July 30, 2009

                                    _____
                                    DENNY CHIN
                                    United States District Judge

**APPEARANCES**

      HECTOR VARGAS
      Pro Se Plaintiff
      416 East 10th Street
      New York, NY   10009

      ALEJANDRINA VARGAS
      Pro Se Plaintiff
      51 Coursen Place Apt. 2C
      Staten Island, NY   10304

      ROGERS, WUGHALTER, KAUFMAN & CORREDINE, ESQS.
          By:   Eric Wughalter, Esq.
      800 Grand Concourse
      Bronx, NY   10451
      Defendants Eric Wughalter, Esq. and Rogers,
      Wughalter, Kaufman & Corredine, Esqs.
      appearing pro se

Attorneys for defendants Tom Torres, Martin Blum, S.W. Management LLC, Stanley Wasserman, 2727 Realty LLC

      CLIFTON BUDD & DEMARIA, LLP
          By:   Robert Allen Sparer, Esq.
              Diane Marie Pietraszewski, Esq.
      420 Lexington Avenue
      New York, NY   10170

Attorneys for defendants 2727 University Avenue LLC and SG2 Management, LLC

      ELEFANTE & PERSANIS, LLP
          By:   Matthew N. Persanis, Esq.
      670 White Plains Road, Suite 321
      Scarsdale, NY   10583

Attorneys for defendant City Marshal Thomas J. Bia

      LITWACK & LITWACK, P.C.
          By:   Kenneth D. Litwack, Esq.
      42-40 Bell Boulevard
      Bayside, NY   11361

Attorneys for defendant the City of New York

      MICHAEL A. CARDOZO, Esq.
      Corporation Counsel of the City of New York
          By:   Michael A. Suarez, Esq.
      Assistant Corporation Counsel
      100 Church Street
      New York, NY   10007

Attorneys for defendant the Honorable Julia Rodriguez

        ANDREW M. CUOMO, Esq.
        Attorney General of the State of New York
            By:  Charles Sanders, Esq.
        Assistant Attorney General
        120 Broadway
        New York, NY  10271